ROGER L. PUTNAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4754. Promulgated April 11, 1946.

*Raymond T. King, Esq.*, for the petitioner.
*Carl A. Stutsman, Esq.*, for the respondent.

OPINION.

Arundell, *Judge*: Respondent does not contend that the character of the work carried on at the Lowell Observatory is not of a scientific nature, but his objections to allowing the deduction claimed are that the observatory has no separate or independent existence apart from the trust estate, and that the trust estate fails to meet the requirements of section 23(o)(2) of the Internal Revenue Code.[1] He points out that the property which is designated as Lowell Observatory consists of the buildings, the land on which they are erected, and the equipment in and adjacent to the buildings, and that the title to all this property is in the trustee. He then contends that the trust estate was not organized and operated exclusively for scientific purposes, because one-half the annual net income of the trust, after deducting the 10 percent which is added to corpus, is paid to the testator's widow, a private individual.

Petitioner, on the other hand, urges upon us the contention that the observatory itself, as distinct from the Lowell trust, should be characterized as a fund or foundation, no part of the net earnings of which inures to the benefit of any private shareholder or individual. He relies on *Faulkner* v. *Commissioner*, 112 Fed. (2d) 987, in support of his contention but we think a careful reading of that case will disclose that the court's opinion does not help this argument. It is true that the court stated:

We are not prepared to assent to the proposition that a gift to a charitable agency, otherwise deductible, loses its deductibility merely because that agency may have been established, or indeed controlled, by a non-exempt organization. That a gift to the parent organization would not be deductible does not imply that the parent organization is an outlaw whose sponsorship of any charitable agency "taints" the latter with non-deductibility; * * *

Earlier in its opinion, however, the court said:

* * * Apparently a non-exempt organization cannot obtain deductibility for contributions to an admittedly charitable object by setting up a separate trust fund to be applied to that object only, and soliciting contributions thereto. * * * *That the "fund" must be a distinct organization is implied in the corresponding provisions of section 101 (6) of the Revenue Act of 1934* * * * where the same word is used. [Italics supplied.]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(o) Charitable and Other Contributions.—In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of:

* * * * * * *

(2) A corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net

Actually, the decision in that case turned upon another ground, namely, that the parent organization itself was exempt under the statute. We conclude, therefore, that the case is of no aid to petitioner here.

The difficulty with petitioner's contention is that the observatory is not a separate or distinct entity, but is an inseparable part of the trust estate. We are here concerned, not with a situation in which a parent organization sponsors, establishes, or controls a separate subsidiary organization, or agency, but only with a single and indivisible entity— the trust estate of Percival Lowell. Any contribution made to carry on the work of the observatory is necessarily made to the trust estate. We think it is immaterial that, for convenience, the trustee maintained separate bank accounts, because all the accounts, regardless of how they were designated, necessarily belonged to the trust estate and were under the control and management of the trustee.

On this point we think the respondent must be sustained.

Petitioner makes the further argument that even if the observatory is not a separate entity, the trust itself is such an organization as qualifies under section 23 (o) (2). It does not seem to us that it can be seriously argued that the trust estate considered as a single entity is operated exclusively for scientific purposes. The benefits derived by the testator's widow are too material to be ignored, for she receives approximately one-half of the income of the trust and has the right to live in residences owned by the trust. Taxes on the residences are paid by the trust.

We have carefully considered other contentions advanced by petitioner, but we think they are without merit. We conclude that respondent did not err in disallowing the claimed deductions.

*Decision will be entered under Rule 50.*

earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation;

\*       \*       \*       \*       \*       \*

to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's net income as computed without the benefit of this subsection. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary.